## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVGUENE BORODACHEV,** | Civ. No. 13-1999 (KM) |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **ORLANDO RODRIGUEZ, Warden, et al.,** | |
| **Respondents.** | |

This matter comes before the Court upon the Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief staying the Order of Removal from the United States of Petitioner Evguene Borodachev ("Borodachev"). Petitioner maintains that he is not challenging the validity of the removal order itself, but rather, the discretionary decision denying his request for a stay of his removal from the United States. According to Petitioner, because a Petition for Review (PFR) is not available to challenge the Government's discretionary stay decision, I must necessarily have habeas jurisdiction over his claim. Whether this Court has jurisdiction to hear Petitioner's habeas challenge is a threshold issue. For the reasons set forth below, I hold that, under Section 1252(g) of the Immigration and Nationality Act ("INA"), this Court lacks jurisdiction to review Petitioner's claims.

## I.   BACKGROUND

The facts regarding Mr. Borodachev's immigration history are
uncontested. As set forth in his Petition, he entered the United States as a
visitor for pleasure on August 4, 1995. (Petition ¶ 36.) That status was
extended once for a period of 6 months. (Declaration of Jane Miniciello ("JM
Decl."), Ex. 1.) Petitioner subsequently obtained a change in status to an F-1
Student. (Petition ¶ 36.)  In 2004, Petitioner attempted to obtain a more
permanent status in the United States. His application was referred to an
Immigration Judge.

In February 26, 2005, ICE issued to Borodachev a Notice to Appear in
removal proceedings, based on his remaining in the U.S. longer than permitted.
(Petition ¶ 37.) On June 27, 2007, an Immigration Judge granted Borodachev
voluntary departure or, in the event he did not depart, ordered his removal to
Kazakhstan. (Petition ¶ 38.) Borodachev appealed to the Board of Immigration
Appeals (BIA). The BIA dismissed his appeal on July 31, 2009. (Petition ¶ 39.)

On March 19, 2010, in response to Petitioner's motion, the BIA reissued
its decision dismissing the appeal. (Petition ¶ 40.) On April 7, 2010,
Borodachev filed a Petition for Review (PFR) of the BIA's decision with the Sixth
Circuit Court of Appeals. (Petition ¶ 41.)  The Sixth Circuit issued a stay of
removal during the pendency of the PFR.  On October 11, 2011, the Sixth
Circuit denied the PFR, thereby upholding the Removal Order. (*Id.*) Following
the Sixth Circuit's denial of the PFR, Borodachev again moved to reopen his

removal proceedings. (Petition ¶ 42.) On May 17, 2012, the BIA denied Petitioner's motion to reopen proceedings. (*Id.*)

On December 12, 2012, Borodachev was convicted in the U.S. District Court for the Southern District of New York of Conspiracy to Transport Stolen Goods and Commit Access Device Fraud. (Petition ¶ 43; JM Decl., Ex. 2.)  Two days later, ICE took custody of him pursuant to a warrant of removal. (JM Decl., Ex. 3.) He has remained in ICE custody pending his removal since that time. (*Id.*)

On February 27, 2013, Petitioner applied for an administrative stay of removal. (Petition ¶ 46.) On March 8, 2013, the request for an administrative stay of removal was denied by ICE Field Office Director John Tsoukaris following a review of Petitioner's submission and his file.

On March 11, 2013, ICE obtained a travel document for Borodachev and transported him to JFK Airport for removal to Kazakhstan. Borodachev maintains that he was not given notice or the opportunity to collect his belongings. Borodachev refused to leave the transport van and would not get on the plane. (Petition ¶ 45.)  Two days later, Petitioner submitted a second application for an administrative stay of removal. (Petition ¶ 50.)

On April 4, 2013, Borodachev filed the pending petition and this Court issued an Order to Show Cause. On April 18, 2013, I conducted a hearing on the Order to Show Cause and ordered supplemental briefing on the issue of this Court's jurisdiction to hear Petitioner's habeas petition.[1]

---

[1] Petitioner's arguments at the April 18, 2013 hearing and in his supplemental briefing

## II.   LEGAL STANDARD

Section 1252(g), as amended by the REAL ID Act, Pub L. No. 109-13, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to commence proceedings, adjudicate cases, or execute removal orders.'" *Chehazeh v. Attorney General*, 666 F.3d 118, 134 (3d Cir. 2012) (quoting *Reno v. American Anti-Arab Discrimination Committee*, 525 U.S. 471, 482, 119 S. Ct. 936, 142 L.Ed.2d 940 (1999). Specifically, Section 1252(g), entitled "Exclusive jurisdiction," provides that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 [pertaining to district court jurisdiction over mandamus actions] and 1651 [pertaining to authority of district courts to issue writs] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g).

Section 1252(g) was "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Reno*, 525 U.S. at

---

on jurisdiction focused on habeas jurisdiction. To the extent the Petition may be interpreted to allege claims under the Administrative Procedure Act (APA), this Court lacks jurisdiction. The APA excludes judicial review "to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Statutory preclusion of review is discussed herein. Moreover, the regulation governing the grant or denial of an administrative stay clearly commits the decision to the agency's discretion, and does not supply any meaningful standard against which the Court could judge such a decision. 8 C.F.R. § 241.6(a) (the decision maker "in his or her discretion" may grant a stay of removal); *see Heckler v. Chaney*, 470 U.S. 821, 830 (1985) (section 701(a)(2) forecloses review "if the statute [governing the agency's actions] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.")

4

485 n. 9. Third Circuit precedent makes it clear that "§ 1252(g) was designed to make unreviewable prosecutorial decisions." *Chehazeh*, 666 F.3d at 135. Thus, if the decision to deny Petitioner's application for a stay of removal is properly characterized as an exercise of prosecutorial discretion regarding the execution of a removal order, Section 1252(g) would preclude this court from reviewing the decision.

## III.   DISCUSSION

Petitioner acknowledges that he is prohibited from directly challenging the removal order in this Court. Petitioner's removal has been decided administratively and reviewed by the Court of Appeals; he has exhausted his challenges to removal, and is in removal status. In short, his removability is settled, and no further review is available. Petitioner maintains, however, that he can circumvent that jurisdictional bar by seeking habeas review of the agency's discretionary denial of his request for an administrative *stay* of removal. I find, however, that the denial of a stay is an unreviewable discretionary decision "to ... execute removal orders." 8 U.S.C. § 1252(g).

Petitioner relies heavily on *INS v. St. Cyr*, 533 U.S. 289 (2001), to support his argument that this court retains habeas jurisdiction over ICE's discretionary denial of a stay. In *St. Cyr*, the Supreme Court declared that there is a "long standing rule requiring a clear statement of congressional intent to repeal habeas jurisdiction." 533 U.S. at 298. In applying that rule, the Supreme Court refused to interpret certain provisions of an earlier version of the INA, the Illegal Immigration Reform and Immigrant Responsibility Act of

1996 ("IIRIRA") so as to foreclose *all* judicial review of an order of removal. *Id.* at 311. The Court concluded that the IIRIRA provisions did not eliminate habeas jurisdiction because, despite expressly precluding "judicial review" and "jurisdiction to review," none of them explicitly mentioned "habeas corpus" or 28 U.S.C. § 2241. *Id.* at 314. The "lack of a clear, unambiguous, and express statement of congressional intent to preclude judicial consideration on habeas," combined with the absence of an alternate judicial forum, was fatal to the Government's jurisdictional argument. *Id.*

In reaching this conclusion, the *St. Cyr* Court observed that noncitizens have always had access to the courts through habeas corpus, and that the Suspension Clause establishes a minimum level of judicial review that Congress must always preserve. *Id.* at 300. Therefore, the majority stated, the total elimination of legal challenges to removal orders would trigger "serious constitutional questions." *Id.* at 314. Importantly, the Court observed that while the Suspension Clause requires some judicial review of deportation orders, it does not require that that review mechanism be a habeas petition in district court; Congress could provide an "adequate substitute." *Id.* at 305. The Court thus suggested that Congress could return to a judicial review system similar to the pre-1996 scheme by resurrecting the courts of appeals as the primary forum for judicial review of removal orders. *Id.* at 305; *see also* Gerald L. Neuman, *Habeas Corpus, Executive Detention, and the Removal of Aliens*, 98 COLUM. L. REV. 961, 1058 (1998) ("What matters constitutionally is the effective

availability of judicial inquiry, not the particular federal court or the precise procedural vehicle that provides the inquiry.")

Through the REAL ID Act, Congress addressed the two principal concerns underlying the *St. Cyr* decision. First, Congress amended Section 1252(g) to make it clear that it "preclude[s] any habeas corpus review" in district court as to removal orders and matters regarding removal. *See Kumarasamy v. Attorney General*, 453 F.3d 169, 172 n.5 (3d Cir. 2006). Second, Congress addressed Suspension Clause concerns by providing for a substitute means of review: direct review in the Courts of Appeals.

Despite these amendments, Petitioner argues that if Section 1252(g) is read to strip district courts of habeas jurisdiction in this case, he will have no recourse. According to Petitioner, such a denial of review would trigger the Suspension Clause issue discussed in *St. Cyr.* I do not find that denial of a discretionary stay, where Petitioner is concededly removable, implicates his rights in the manner contemplated by *St. Cyr.*

Moreover, Petitioner's argument assumes that habeas corpus review of the discretionary decision to deny a stay of removal was available before Congress passed the "jurisdiction-stripping" provisions of Section 1252. That is not the case. The scope of federal habeas review under § 2241 is limited to "questions of constitutional and statutory law." *Bakhtriger v. Elwood*, 360 F.3d 414, 424 (3d Cir. 2004) (*Bakhtriger* was superseded on other grounds by statute, REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 23, as recognized in *Kamara v. Attorney General*, 420 F.3d 202 (3d Cir. 2005).) Thus my habeas

jurisdiction would not extend to the review of discretionary decisions like the denial of a stay of an order of removal that has been reviewed and has become final.

Petitioner attempts to characterize his claim as a constitutional one by making reference to his due process rights under the United States Constitution. But the Petition fails to provide any factual allegations or legal arguments to suggest that constitutional rights have been implicated by ICE's purely discretionary decision denying his request to stay removal. There is no authority cited to support the argument that a stay rises to the level of a protectable interest or that, as to the narrow issue of the stay, Petitioner was entitled to any more process than he got. As discussed above, I do not have habeas jurisdiction to review a claim that the discretionary denial of a stay was an unsound or arbitrary decision.[2]

---

[2] Petitioner's argument that Section 1252(g) does not apply to this case because the statute refers to the Attorney General, as opposed to the Secretary of Homeland Security, is without merit. The detention and removal functions formerly implemented by the Attorney General have been transferred to the Secretary of Homeland Security or his or her delegates. *See* 6 U.S.C. §§ 251, 557; *Neto v. Attorney General*, No. 12-2263, 2013 WL 518578, at *2 (3d Cir. Feb. 13, 2013). The Homeland Security Act of 2002 specifically provided that statutory references to the INS or its officers were replaced with references to the applicable DHS official. *See Elgharb v. Napolitano*, 600 F.3d 597, 607 (6th Cir. 2010). Petitioner's contention that Section 1252(g) does not apply to the decision to deny the administrative stay of removal because the denial is not a decision "under the Act" is also without merit. Clearly a decision to execute a removal order is a decision under the Act (the INA).

## IV.   CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction over this action and it must be dismissed. An appropriate order will be filed.

KEVIN MCNULTY
United States District Judge

Date: May 8, 2013

9